KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WBN 0722)
Chief, Criminal Division

ANJALI CHATURVEDI (DCBN 446177)
Assistant United States Attorney

450 Golden Gate Avenue, 11th Floor
San Francisco, California 94102
Telephone: (415) 436-6843
Fax: (415) 436-7234

Attorneys for the United States

FILED

AUG 2 3 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SEMYON NEYS,<br>   aka "Sam"<br>YEVGENY FRIDMAN,<br>   aka "Eugene" "Irusik" "Zhenya"<br>JENA DAVIS,<br>URIEL SOTOMAYOR,<br>   aka "Jiga"<br>JASON TANG,<br>   aka "Jay"<br>ANTHONY NGUYEN,<br>   aka "Tuan"<br>ILYA TUCHINSKY,<br>CHRISTOPHER LEE CALDER,<br>PAUL ANCAJIMA,<br>AARON DELAROSA,<br>CHARLES MOORE,<br>JESUS POMPERADA BASCO,<br>   aka "Jessie"<br>NEIL PAUL SANDERS,<br>OLEG GLADSHTEYN, and<br>WHITNEY OSTERHOUT,<br><br>Defendants. | No. CR. 05-00491 (VRW)<br><br>[PROPOSED] ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |

On July 12, 2005, a complaint was filed against defendants NEYS, FRIDMAN, DAVIS,

1  CALDER, TUCHINSKY, and SANDERS with violations of 21 U.S.C. § 846 (Conspiracy to
2  Distribute Methamphetamine and Ecstasy), 21 U.S.C § 841(a)(1) (Distribution of Ecstasy), and
3  21 U.S.C. § 841(a)(1) (Distribution of Methamphetamine). On that same date, Magistrate Judge
4  Chen authorized search warrants for several locations connected with this investigation. On July
5  13, 2005, a complaint was filed charging BASCO with a violation of 21 U.S.C. § 846. On July
6  18, 2005, a complaint was filed charging ANCAJIMA with violations of 21 U.S.C. § 846
7  (Conspiracy to Distribute Methamphetamine and Ecstasy), and 21 U.S.C § 841 (a)(1)
8  (Distribution of Ecstasy). On July 28, 2005, a six-count indictment was returned charging each
9  of the above-named defendant in connection with a conspiracy to distribute fifty or more grams
10 of methamphetamine and ecstasy in violation of 18 U.S.C. § 846, as well as numerous
11 substantive distribution charges.

12     On August 9, 2005, the undersigned appeared before this Court along with the following
13 defendants who were represented by counsel:

       SEMYON NEYS,
       JENA DAVIS,
       JASON TANG,
       ANTHONY NGUYEN,
       ILYA TUCHINSKY,
       CHRISTOPHER LEE CALDER,
       PAUL ANCAJIMA,
       AARON DELAROSA,
       JESUS POMPERADA BASCO,
       NEIL PAUL SANDERS, and
       OLEG GLADSHTEYN

20     The government advised the Court that this case involved a wiretap on two different
21 phone lines spanning almost three months. Law enforcement estimates that there are
22 approximately 30,000 calls that were intercepted on the wiretap. Approximately 8,000 of these
23 have been deemed pertinent. Of the 8,000 calls, approximately one-third of those calls are in the
24 Russian language. The government informed the Court that prior to the August 9, 2005, hearing
25 it met with Jeane DeKelver the Supervising Attorney from Criminal Justice Act office to
26 coordinate discovery in conformance with the protocol and suggested practices for discovery in

complex cases.[1]

The government requested at the August 9, 2005, hearing that the Court exclude time from August 9, 2005 until the next court date, October 18, 2005, under the Speedy Trial Act. While no defense counsel objected to the exclusion of time in order for counsel to have reasonable time for effective preparation pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv), certain defense counsel did not agree immediately that the matter should yet be designated "complex" under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(8)(b)(ii).

On August 16, 2005, defendant Sotomayor was before the Honorable Bernard Zimmerman for a detention hearing. The government requested that time under the Speedy Trial Act be waived from August 16, 2006 until October 18, 2005, when the defendant will next be before this Court. Defense counsel did not object to the waiver. Contingent upon this Court's order excluding time for the other defendants charged in this matter, Judge Zimmerman granted the request for a waiver.

On August 18, 2005, defendant Osterhout was before the Honorable Bernard Zimmerman for identification of counsel. Joe O'Sullivan, Esq. specially appeared for the defendant at this matter, which was continued until August 25, 2005 for ascertainment of counsel and detention hearing. On August 18, 2005, the government also requested that time be waived under the Speedy Trial Act for this defendant from August 18, 2005 until October 18, 2005. Defense counsel did not object. Judge Zimmerman instructed the government to include this defendant in its request for a wavier of time under the Speedy Trial Act to this Court.

Therefore the Court HEREBY ORDERS that for defendants

SEMYON NEYS,
JENA DAVIS,
JASON TANG,
ANTHONY NGUYEN,

---

[1] On August 15, 2005, the government had a second meeting with Ms. DeKelver and Steven Kalar from the Federal Defender Service to follow up on discovery protocol on this matter. Mr. Kalar agreed to serve as the liaison with defense counsel for purposes of advising defense counsel of the decisions made regarding the disclosure of discovery. A copy of the CDs containing all calls as well as all pertinent calls have been provided to the defense through Mr. Kalar on August 16, 2005.

[PROPOSED] ORDER TO EXCLUDE TIME
CR 05-00491 (VRW)                           3

|   |   |
|---|---|
| 1 | ILYA TUCHINSKY, |
|   | CHRISTOPHER LEE CALDER, |
| 2 | PAUL ANCAJIMA, |
|   | AARON DELAROSA, |
| 3 | JESUS POMPERADA BASCO, |
|   | NEIL PAUL SANDERS, and |
| 4 | OLEG GLADSHTEYN |

the time from August 9, 2005 until October 18, 2005 be excluded under the Speedy Trial Act, 18 U.S.C. § 3161. For the reasons set forth above, the Court finds that the failure to grant the requested exclusion would deny defense counsel reasonable time necessary for effective preparation taking into account the exercise of due diligence. The Court finds that the ends of justice served by granting the requested exclusion outweigh the best interest of the public and the defendant in a speedy trial and in the prompt disposition of criminal cases. The Court therefore concludes that this exclusion of time should be made under 18 U.S.C. § 3161(h)(8)(A) and (h)(8)(B)(iv).

The Court further ORDERS that with respect to defendant SOTOMAYOR, the time from August 16, 2005 until October 18, 2005 be excluded under the Speedy Trial Act, 18 U.S.C. § 3161. For the reasons set forth above, the Court finds that the failure to grant the requested exclusion would deny defense counsel reasonable time necessary for effective preparation taking into account the exercise of due diligence. The Court finds that the ends of justice served by granting the requested exclusion outweigh the best interest of the public and the defendant in a speedy trial and in the prompt disposition of criminal cases. The Court therefore concludes that this exclusion of time should be made under 18 U.S.C. § 3161(h)(8)(A) and (h)(8)(B)(iv).

The Court further ORDERS that with respect to defendant OSTERHOUT, the time from August 18, 2005 until October 18, 2005 be excluded under the Speedy Trial Act, 18 U.S.C. § 3161. For the reasons set forth above, the Court finds that the failure to grant the requested exclusion would deny defense counsel reasonable time necessary for effective preparation taking into account the exercise of due diligence. The Court finds that the ends of justice served by granting the requested exclusion outweigh the best interest of the public and the defendant in a speedy trial and in the prompt disposition of criminal cases. The Court therefore concludes that

1  this exclusion of time should be made under 18 U.S.C. § 3161(h)(8)(A) and (h)(8)(B)(iv).

3  IT IS SO ORDERED.

4  DATED:

_____
VAUGHN R. WALKER
UNITED STATES DISTRICT CHIEF JUDGE

Approved as to form:

11  __/S/ ANJALI CHATURVEDI____
ANJALI CHATURVEDI
12  Assistant United States Attorney

[PROPOSED] ORDER TO EXCLUDE TIME
CR 05-00491 (VRW)                        5