UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SEMYON NEYS, <br> YEVGENY FRIDMAN, <br> JENA DAVIS, <br> URIEL SOTOMAYOR, <br> JASON TANG, <br> ANTHONY NGUYEN, <br> ILYA TUCHINSKY, <br> CHRISTOPHER LEE CALDER, <br> PAUL ANCAJIMA, <br> AARON DELAROSA, <br> CHARLES MOORE, <br> JESUS POMPERADA BASCO, <br> and WHITNEY OSTERHOUT, <br><br> Defendants. | No.: CR 05 00491 VRW <br><br><br> REQUEST, STIPULATION, AND ORDER |

The parties ask the Court to (a) vacate the April 18, 2006, hearing date, (b) set a new hearing date for May 16, 2006, at 10:30 a.m., and (c) exclude time under the Speedy Trial Act from April 18, 2006, to May 16, 2006.

1. This is a complex case involving approximately 30,000 intercepted conversations and 8000 pertinent calls, many of which are in Russian. Transcripts and translations of all the Russian calls have been disclosed in discovery, and the defense is in the process of reviewing

REQUEST, STIPULATION, AND ORDER
(CR 05 00491 VRW)

1  them and other discovery to determine what motions might be filed.  In addition, English
2  language transcripts are being prepared for the other calls and need to be disclosed to the
3  defense.  Finally, a majority of the transcripts from consensually-monitered recordings with a
4  cooperating informant have been prepared and will be produced in discovery in the next several
5  days.  To provide the time needed for review of the discovery – particularly the large number of
6  telephone calls – and for evaluation of motions, the parties ask that the status conference now set
7  for April 18, 2006, be continued to May 16, 2006.

8      2.  The parties further also agree that the time between April 18, 2006 and May 16, 2006,
9  should be excluded under the Speedy Trial clock.  Failure to grant a continuance would deny
10 defense counsel the reasonable time necessary for effective preparation, taking into account the
11 exercise of due diligence.  <u>See</u> 18 U.S.C. § 3161(h)(8)(B)(iv).  The parties also agree that the
12 ends of justice served by excluding time from April 18, 2006, to May 16, 2006, outweigh the
13 interest of the public and the defendant in a speedy trial within the meaning of 18 U.S.C. §
14 3161(h)(A).

15     3.  Accordingly, the parties ask the Court to (1) vacate the April 18, 2006 hearing and set a
16 new hearing date of May 16, 2006, at 10:30 a.m., and (2) order that the period from April 18,
17 2006, to May 16, 2006, be excluded from Speedy Trial Act calculations under 18 U.S.C. §
18 3161(h)(8)(A) & (B) (i) & (iv).

19 STIPULATED:

20
   /s
21 LAUREL BEELER
Assistant United States Attorney
22
   /s                                     /s
23 SCOTT SUGARMAN              STEVEN GRUEL
Attorney for Semyon Neys        Attorney for Yevgeny Fridman
24
   /s                                     /s
25 GARRICK LEW                   FRANK MCCABE
Attorney for Jena Davis           Attorney for Uriel Sotomayor
26
   /s                                     /s
27 SHARI L. GREENBERGER       J. DAVID NICK
Attorney for Jason Tang           Atttorney for Anthony Nguyen
28

| | |
|---|---|
| /s/<br>GEOFFREY ROTWEIN<br>Attorney for Whitney Osterhout | /s/<br>HARRIS TABACK<br>Attorney for Christopher Calder |
| /s/<br>ANN C. MOORMAN<br>Attorney for Paul Ancajima | /s/<br>J. PHILLIP VAUGHNS<br>Attorney for Aaron Delarosa |
| /s/<br>JAMES GILLER<br>Attorney for Charles Moore | /s/<br>SHANA KEATING<br>Attorney for Jesus Basco |

ORDER

With the agreement of the defendants, the Court enters this order (a) vacating the April 18, 2006, status date and setting the next hearing date for May 16, 2006, at 10:30 a.m. and (b) excluding time under the Speedy Trial Act from April 18, 2006, to May 16, 2006. More specifically:

1. This is a complex case involving approximately 30,000 intercepted conversations and 8000 pertinent calls, many of which are in Russian. English language transcripts are still being prepared. Transcripts from consensually-monitored calls are about to be produced. The defense has asked for additional time to review the discovery – particularly the large volume of telephone calls – in order to evaluate what motions might be filed, and have asked the Court to set the next status date on May 16, 2006, and to exclude time until then under the Speedy Trial Act.

2. The parties agree, and the Court finds and holds, that a failure to grant a continuance would unreasonably deny defense counsel the reasonable time for effective preparation, given the exercise of due diligence and given their need to review the discovery and evaluate what motions might be filed. See 18 U.S.C. § 3161(h)(8)(B)(iv). The parties also agree, and the Court finds and holds, that the ends of justice served by excluding the period from April 18, 2006, to May 16, 2006, outweigh the best interest of the public and the defendant in the rights set forth under the Speedy Trial Act. See id. § 3161(h)(A).

3. Accordingly, the Court (1) vacates the April 18, 2006 hearing and sets a new hearing date

1  of May 16, 2006, at 10:30 a.m., and (2) orders that the period from April 18, 2006, to May 16,
2  2006, be excluded from Speedy Trial Act calculations under 18 U.S.C. § 3161(h)(8)(A) & (B) (i)
3  & (iv).
4  IT IS SO ORDERED.
5  DATED: April 12, 2006

IT IS SO ORDERED

Judge Vaughn R Walker

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA