UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SEMYON NEYS,<br>YEVGENY FRIDMAN,<br>JENA DAVIS,<br>URIEL SOTOMAYOR,<br>JASON TANG,<br>ANTHONY NGUYEN,<br>ILYA TUCHINSKY,<br>CHRISTOPHER LEE CALDER,<br>PAUL ANCAJIMA,<br>AARON DELAROSA,<br>CHARLES MOORE, and<br>JESUS POMPERADA BASCO,<br><br>    Defendants. | No.: CR 05 00491 VRW<br><br><br>STIPULATION AND ORDER (~~PROPOSED~~) |

With the agreement of the parties, the Court enters this order (a) setting a new hearing date for July 25, 2006 at 10:30 a.m. and (b) excluding time under the Speedy Trial Act from June 20, 2006 to July 25, 2006.

    1. This is a complex case involving approximately 30,000 intercepted conversations and 8000 pertinent calls, many of which are in Russian. Transcripts and translations of all the Russian calls have been disclosed in discovery, and the defense is in the process of reviewing them and other discovery to determine what motions might be filed. In addition, Cantonese

STIPULATION AND ORDER (Proposed)
(CR 05 00491 VRW)

1  transcripts will be disclosed on Friday, June 16, 2006.  Transcripts from consensually-monitered
2  recordings with a cooperating informant have been prepared and produced.   Defense counsel's
3  review of this discovery is ongoing and time-consuming.

4      2. Also, counsel have been discussing various motions, including challenges to the wiretap
5  affidavit based on necessity and particularity.  Other motions have been discussed, including
6  motions regarding further discovery of drafts of reports, issues about sealing, and possible Franks
7  challenges.  The defense also is investigating issues about taped calls, informants, and other
8  challenges.  The parties are discussing these motions, and whether a global pre-motions
9  resolution of the case is possible.  Prior to the last court appearance, the United States and
10 counsel for Neys, on behalf of most defense counsel, discussed in detail some issues relating to a
11 possible settlement.  At the last court appearance, counsel advised the Court that the government
12 and defense counsel were evaluating the voluminous discovery, and that negotiations were
13 underway that might result in the settlement of charges against some or all of the defendants and
14 thus would obviate the need for hearing on certain motions.  The parties anticipated that this
15 review and negotiation process would be advanced sufficiently so that by June 20, the parties
16 would be able to advise the Court whether motions should be set or whether plea agreements
17 would be forthcoming.  However, the process of evaluating the evidence with regard to each
18 defendant and related issues has been more time-consuming than anticipated.  Accordingly, the
19 parties need more time to complete this process.

20     3.  The parties agree, and the Court finds and holds, that the time from June 20, 2006 to July
21 25, 2006 should be excluded under the Speedy Trial clock.  Failure to grant a continuance would
22 deny defense counsel the reasonable time necessary for effective preparation, taking into account
23 the exercise of due diligence.  See 18 U.S.C. § 3161(h)(8)(B)(iv).

24     4. The parties also agree, and the Court finds and holds, that the ends of justice served by
25 excluding time from to June 20, 2006, to July 25, 2006, outweigh the interest of the public and
26 the defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(A).

27     5. Accordingly, the Court (a) sets a new hearing date of July 25, 2006, at 10:30 a.m., and (b)
28 orders that the period from June 20, 2006, to July 25, 2006, be excluded from Speedy Trial Act

STIPULATION AND ORDER (Proposed)
(CR 05 00491 VRW)                                    2

1  calculations under 18 U.S.C. § 3161(h)(8)(A) & (B) (i) & (iv).

2  IT IS SO ORDERED.

3  DATED: June 20, 2006

4  
VAUGHN R.
United States

**GRANTED**
/s/ Judge Vaughn R Walker

5  STIPULATED:

6  _____/s/_____
7  LAUREL BEELER
   Assistant United States Attorney

8  _____/s/_____                    _____/s/_____
9  SCOTT SUGARMAN                     STEVEN GRUEL
   Attorney for Semyon Neys           Attorney for Yevgeny Fridman

10 _____/s/_____                    _____/s/_____
11 GARRICK LEW                        FRANK MCCABE
   Attorney for Jena Davis            Attorney for Uriel Sotomayor

12 _____/s/_____                    _____/s/_____
13 SHARI L. GREENBERGER               J. DAVID NICK
   Attorney for Jason Tang            Atttorney for Anthony Nguyen

14 _____/s/_____                    _____/s/_____
15 HARRIS TABACK                      ANN C. MOORMAN
   Attorney for Christopher Calder    Attorney for Paul Ancajima

16 _____/s/_____                    _____/s/_____
17 J. PHILLIP VAUGHNS                 JAMES GILLER
   Attorney for Aaron Delarosa        Attorney for Charles Moore

18 _____/s/_____
19 SHANA KEATING
   Attorney for Jesus Basco

20
21
22
23
24
25
26
27
28

STIPULATION AND ORDER (Proposed)
(CR 05 00491 VRW)                    3