UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>    Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>SEMYON NEYS,  )<br>YEVGENY FRIDMAN,  )<br>JENA DAVIS,  )<br>URIEL SOTOMAYOR,  )<br>JASON TANG,  )<br>ANTHONY NGUYEN,  )<br>ILYA TUCHINSKY,  )<br>CHRISTOPHER LEE CALDER,  )<br>PAUL ANCAJIMA,  )<br>AARON DELAROSA,  )<br>CHARLES MOORE, and  )<br>JESUS POMPERADA BASCO,  )<br>  )<br>    Defendants.  )<br>_____ ) | No.: CR 05 00491 VRW<br><br>STIPULATION AND ORDER (~~PROPOSED~~) |

With the agreement of the parties, the Court enters this order (a) setting a new hearing date for August 22, 2006 at 10:30 a.m. and (b) excluding time under the Speedy Trial Act from July 25, 2006 to August 22, 2006.

    1.    This is a complex case involving approximately 30,000 intercepted conversations and 8000 pertinent calls, many of which are in Russian. Transcripts and translations of all the Russian and Cantonese calls have been disclosed in discovery, and the defense is in the process of reviewing them and other discovery to determine what motions might be filed. Transcripts

STIPULATION AND ORDER (Proposed)
(CR 05 00491 VRW)

1 from consensually-monitored recordings with a cooperating informant also have been prepared
2 and produced. Defense counsel's review of this discovery is ongoing and time-consuming.
3     2. Also, counsel have been discussing various motions, including challenges to the
4 wiretap affidavit based on necessity and particularity. Other motions have been discussed,
5 including motions regarding further discovery of drafts of reports, issues about sealing, and
6 possible Franks challenges. The defense also is investigating issues about taped calls,
7 informants, and other challenges. The parties are discussing these motions, and whether a global
8 pre-motions resolution of the case is possible. Counsel for the United States has met with
9 counsel for Neys (on behalf of most defense counsel) several times, most recently on July 13,
10 2006, and discussed in detail a possible settlement. The United States is in the process of making
11 revised plea offers to many defendants in part based on those discussions. While defense counsel
12 continues to review the voluminous discovery with an eye towards motions, the parties agree that
13 negotiations are underway that might result in the settlement of charges against some or all of the
14 defendants and thus would obviate the need for hearing on the motions. The parties anticipated
15 that this review and negotiation process would be advanced sufficiently by the July hearing date
16 so that the parties would be able to advise the Court whether motions should be set or whether
17 plea agreements would be forthcoming. However, the process of evaluating the evidence with
18 regard to each defendant and related issues has been more time-consuming than anticipated,
19 partly because of other commitments of counsel and partly because evaluating the evidence
20 required a detailed consideration of not only this case, but the subsequently-indicted 19-
21 defendant case that was a spin from the wiretap in this case. Accordingly, the parties need more
22 time to complete this process.
23     3. August 22, 2006 is the next available date for all counsel, given the existence of
24 previously-scheduled conflicts.
25     4. The parties agree, and the Court finds and holds, that the time from July 25, 2006
26 to August 22, 2006 should be excluded under the Speedy Trial clock. Failure to grant a
27 continuance would deny defense counsel the reasonable time necessary for effective preparation,
28 taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). The

STIPULATION AND ORDER (Proposed)
(CR 05 00491 VRW)     2

1  parties also agree, and the Court finds and holds, that failure to grant a continuance would
2  unreasonably deny the parties continuity of counsel based on the existence of previously-
3  scheduled case conflicts.  See id.
4       5.   The parties also agree, and the Court finds and holds, that the ends of justice
5  served by excluding time from to July 25, 2006, to August 22, 2006, outweigh the interest of the
6  public and the defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(A).
7       6.   Accordingly, the Court (a) sets a new hearing date of August 22, 2006, at 10:30
8  a.m., and (b) orders that the period from July 25, 2006, to August 22, 2006, be excluded from
9  Speedy Trial Act calculations under 18 U.S.C. § 3161(h)(8)(A) & (B) (i) & (iv).
10 IT IS SO ORDERED.
11 DATED: July 24, 2006
                              _____
12                            VAUGHN R. WALKER
                              United States District Judge
13 STIPULATED:

14  /S/ Laurel Beeler
    LAUREL BEELER
15  Assistant United States Attorney

16  /S/ Scott Sugarman                    /S/ Steven Gruel
    SCOTT SUGARMAN                        STEVEN GRUEL
17  Attorney for Semyon Neys              Attorney for Yevgeny Fridman

18  /S/ Garrick Lew                       /S/ Frank McCabe
    GARRICK LEW                           FRANK MCCABE
19  Attorney for Jena Davis               Attorney for Uriel Sotomayor

20  /S/ Shari L. Greenberger              /S/ J. David Nick
    SHARI L. GREENBERGER                  J. DAVID NICK
21  Attorney for Jason Tang               Atttorney for Anthony Nguyen

22  /S/ Harris Taback                     /S/ Ann C. Moorman
    HARRIS TABACK                         ANN C. MOORMAN
23  Attorney for Christopher Calder       Attorney for Paul Ancajima

24  /S/ J. Phillip Vaughns                /S/ James Giller
    J. PHILLIP VAUGHNS                    JAMES GILLER
25  Attorney for Aaron Delarosa           Attorney for Charles Moore

26  /S/ Shana Keating
    SHANA KEATING
27  Attorney for Jesus Basco

28

STIPULATION AND ORDER (Proposed)
(CR 05 00491 VRW)                         3