UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No.: CR 05 00491 VRW |
| Plaintiff, ) | |
| v. ) | STIPULATION AND ORDER (PROPOSED) |
| SEMYON NEYS, ) YEVGENY FRIDMAN, ) JENA DAVIS, ) URIEL SOTOMAYOR, ) JASON TANG, ) ANTHONY NGUYEN, and ) AARON DELAROSA, ) | |
| Defendants. ) | |

With the agreement of the parties, the Court enters this order (a) vacating the November 28, 2006, hearing date, (b) setting a new hearing date for January 16, 2007, and (c) documenting the exclusion of time under the Speedy Trial Act from November 28, 2006 to January 16, 2007.

1. The remaining defendants have engaged in substantial settlement negotiations. Due to conflicts with other cases, and the need of some counsel to review additional discovery, the parties settled on January 16, 2007, as a date when all defense counsel are available.

2. The case also is complex and involves approximately 30,000 intercepted conversations and 8000 pertinent calls, many of which are in Russian. Those counsel who still are reviewing the plea proposals are reviewing them in the context of the voluminous discovery and the

STIPULATION AND ORDER (Proposed)
(CR 05 00491 VRW)

motions that the parties have contemplated, including challenges to the wiretap affidavit based on necessity and particularity and motions regarding drafts of reports, issues about sealing, and <u>Franks</u> challenges.  The parties agree that a separate ground for excluding time exists for effective preparation of defense counsel based on the need to review the dispositions in light of the discovery and the proposed motions, as well as the defense's ongoing investigation into other issues about taped calls, informants, and other challenges.

3. The parties agree, and the Court finds and holds, that the time from November 28, 2006, to January 16, 2007, should be excluded under the Speedy Trial clock.  Failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  <u>See</u> 18 U.S.C. § 3161(h)(8)(B)(iv).  The parties also agree, and the Court finds and holds, that failure to grant a continuance would unreasonably deny the parties continuity of counsel based on the existence of previously-scheduled case conflicts.  <u>See id.</u>

4. The parties also agree, and the Court finds and holds, that the ends of justice served by excluding time from to November 28, 2006, to January 16, 2007, outweigh the interest of the public and the defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(A).

5. Accordingly, the Court orders that the period from November 28, 2006, to January 16, 2007, be excluded from Speedy Trial Act calculations under 18 U.S.C. § 3161(h)(8)(A) & (B) (i) & (iv).

IT IS SO ORDERED.

DATED: __11/27/06_____

                                                    IT IS SO ORDERED
                                                    Judge Vaughn R Walker

STIPULATED:

_____/s_____
LAUREL BEELER
Assistant United States Attorney

_____/s_____                _____/s_____
SCOTT SUGARMAN                          STEVEN GRUEL
Attorney for Semyon Neys                Attorney for Yevgeny Fridman

STIPULATION AND ORDER (Proposed)
(CR 05 00491 VRW)                              2

1  /s/
GARRICK LEW
Attorney for Jena Davis

/s/
FRANK MCCABE
Attorney for Uriel Sotomayor

/s/
SHARI L. GREENBERGER
Attorney for Jason Tang

/s/
J. DAVID NICK
Attorney for Anthony Nguyen

/s/
J. PHILLIP VAUGHNS
Attorney for Aaron Delarosa

STIPULATION AND ORDER (Proposed)
(CR 05 00491 VRW)                     3